OPINION *Page 2 
{¶ 1} Defendant-appellant Kenneth Bush challenges the trial court's imposition of a pretrial, public-safety license suspension. After considering Bush's argument, we uphold the suspension.
 {¶ 2} Bush was arrested for operating his vehicle while intoxicated ("OVI") and driving the wrong way on a one-way street. Bush allegedly refused to submit to a breath test, and his driver's license was administratively suspended. A magistrate terminated the administrative license suspension ("ALS") after an appeal because the arresting officer had not properly executed Ohio Bureau of Motor Vehicles form 2255.
 {¶ 3} After notice to the parties, the trial court held a hearing to determine whether a pretrial, public-safety license suspension under R.C. 4511.196(B) was appropriate. The arresting officer testified that on the night of the arrest she had observed Bush driving the wrong way on two one-way streets. Also, when she had approached Bush, she noticed that he smelled of alcohol and that his eyes were bloodshot and watery. Further, she relayed that Bush had admitted to consuming several beers and that he had refused to submit to field sobriety tests or a breath test.
 {¶ 4} The arresting officer was then questioned about whether she felt that Bush's continued driving would have posed a threat to the public safety. She said no. The trial court disagreed and imposed a public-safety license suspension.
 {¶ 5} Ohio law authorizes a court to impose a pretrial suspension of the arrestee's driver's license notwithstanding a successful appeal of an ALS where the court determines that the arrestee's "continued driving will be a threat to public safety."[1] The statute does not delineate criteria for the court to consider in making this determination.
 {¶ 6} We recognize that an OVI arrest "does not require the conclusion" that continued driving by the arrestee, upon obtaining sobriety, constitutes a threat to public *Page 3 
safety.[2] But the statutory scheme of the OVI laws regarding pretrial license suspensions reveals the General Assembly's remedial goal of removing potentially dangerous drivers from the highways.[3] A trial court, in determining whether a pretrial public-safety license suspension is appropriate, must exercise its discretion in accordance with this purpose.
 {¶ 7} In this case, Bush contends that the court abused its discretion in imposing the public-safety suspension. According to him, there was no evidence to support a finding that his continued driving would pose a threat, as the record did not establish any prior OVI offenses or a history of poor driving. Moreover, the arresting officer opined that she did not perceive his continued driving to be a threat.
 {¶ 8} Although the facts cited by Bush are relevant to the validity of a public-safety suspension, they are not dispositive in this case, where other evidence supported the trial court's decision. In finding that the suspension was warranted, the court relied upon the arresting officer's testimony that Bush's driving was errant, that Bush had admitted to consuming alcohol, and that Bush had refused to take a breath test. The court also emphasized that Bush's ALS had been terminated because of a technicality. Due to these facts, the trial court concluded that Bush's continued driving despite his sobriety created a threat to the public safety that justified the pretrial suspension.
 {¶ 9} Where competent and credible evidence supported the trial court's decision, we hold that the trial court did not abuse its discretion in imposing the pretrial, public-safety license suspension.
 {¶ 10} Therefore, the trial court's judgment is affirmed.
Judgment affirmed.
HILDEBRANDT, P. J., and PAINTER, J., concur.
[1] R.C. 4511.196(B)(1).
[2] State v. Gustafson, 76 Ohio St.3d 425, 441, 1996-Ohio-299, 668 N.E.2d 435.
[3] Id. *Page 1